DLM

CA 08 239 ML

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JAMES ROSS, Plaintiff | ) | C.A. No. |
| vs. | ) | |
| LIBERTY LIFE ASSURANCE COMPANY OF BOSTON and SOVEREIGN BANCORP INC. LONG TERM DISABILITY PLAN, Defendants | ) | |

## COMPLAINT

Plaintiff James Ross, by and through undersigned counsel, for his Complaint against defendants Liberty Life Assurance Company of Boston and Sovereign Bancorp Inc. Long Term Disability Plan, alleges:

### I. Parties

1. Plaintiff James Ross resides in Johnston, Rhode Island.

2. Defendant Sovereign Bancorp Inc. Long Term Disability Plan (the "Plan") is, on information and belief, an employee welfare benefit plan sponsored and maintained by Sovereign Bancorp, Inc.

3. Defendant Liberty Life Assurance Company of Boston ("Liberty Life") is a Massachusetts corporation with a principal place of business at 175 Berkeley Street, Boston, Massachusetts. On information and belief, it is authorized to sell insurance in Rhode Island.

### II. Jurisdiction

4. Federal question jurisdiction based upon 28 U.S.C. §1331 exists because plaintiff's claim arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§1001 et seq.

5. Defendants have sufficient contacts with the State of Rhode Island for the Court's exercise of personal jurisdiction.

## III. Factual Background

### A. The Plan

6. Liberty Life issued group long term disability ("LTD") policy no. GF3-830-497634-01 (the "Policy") to fund benefits under the Plan.

7. The Plan is, on information and belief, an employee welfare benefit plan as that term is defined by ERISA, 29 U.S.C. §§1001 et seq. At all relevant times, plaintiff was a participant in the Plan.

8. The Plan provides a two tier definition of disability. A true and accurate copy of the Plan is attached as Exhibit A. For the first 24 months, a participant is disabled if "the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his own occupation." After the first 24 months, a participant is disabled if he "is unable to perform the Material and Substantial Duties of Any Occupation."

9. The Plan limits benefits paid on account of disability due to mental illness and/or non-verifiable symptoms to 24 months.

10. Under the Plan, if a participant is disabled due to mental illness and is not confined in a hospital, but "is fully participating in an Extended Treatment Plan for the condition that caused the Disability," the monthly benefit is payable up to "a *combined* period of 36 months" [emphasis added].

11. The Plan defines an Extended Treatment Plan as "continued care that is consistent with the American Psychiatric Association's standard principles of treatment and is in lieu of confinement in a Hospital or Institution. It must be approved in writing by a physician."

**B. Mr. Ross' Claims**

12. Mr. Ross was employed by Sovereign Bank as a wealth management advisor. At all relevant times he was a participant in the Plan.

13. In October, 2003 he was diagnosed with major depression.

14. Mr. Ross stopped working on or about October 29, 2003 due to his depression and resulting inability to concentrate and focus.

15. On or about November 21, 2003, Mr. Ross applied for Short Term Disability ("STD") benefits under the Plan.

16. By letter dated November 24, 2003, Liberty Life approved Mr. Ross's claim for STD benefits.

17. By letter dated March 26, 2004, Liberty Life informed Mr. Ross that he qualified for long term disability ("LTD") benefits under the Plan.

18. Liberty Life paid Mr. Ross LTD benefits from April 29, 2004 through April 28, 2006.

19. Liberty Life in an April 17, 2006 letter advised Mr. Ross that his claim would be closed as of April 29, 2006 because he did not meet the definition of "Extended Treatment Plan" under the Plan and that, as a result, he had reached the maximum allowable time period for his condition.

20. On or about April 26, 2006, Mr. Ross through counsel requested a copy of his claim file, the certificate of coverage, summary plan description ("SPD") or any other document that contained a fuller definition of "extended treatment." He requested further clarification of Liberty Life's reasons for denying his claim.

21. On or about May 4, 2006, Liberty Life sent to counsel for Mr. Ross a copy of the claim file and the Plan. The accompanying letter contained no further explanation of why Mr. Ross' LTD benefits were terminated.

22. In or about August, 2006 Mr. Ross appealed Liberty Life's termination of his LTD benefit claim.

23. By letter dated November 7, 2006 Liberty Life denied Mr. Ross' appeal of its termination of his claim. It concluded that between April 29, 2006 and August, 2006, the intensity of his treatment did not meet "continued care that is consistent with American Psychiatric Association's Standard Principles of Treatment, and is in lieu of confinement in a Hospital or Institution."

24. The American Psychiatric Association's Standard Principles of Treatment upon which Liberty Life relied in terminating Mr. Ross' claim appear nowhere in the Plan or Summary Plan Description.

25. Mr. Ross never received from Liberty Life a copy of the American Psychiatric Association's Standard Principles of Treatment upon which it relied in its termination of his LTD benefit claim.

26. On or about February 4, 2008, Mr. Ross requested reconsideration of the termination of his claim for benefits and, in the alternative, submitted a claim for an additional year of benefits for the period August, 2006 through August, 2007.

27. Mr. Ross's alternate claim for benefits was based on his participation in an Extended Treatment Plan for the period August, 2006 through August, 2007. He submitted additional medical evidence in support of his claim.

28. By letter dated May 13, 2008 Liberty Life denied Mr. Ross's request for reconsideration. It did not address his additional claim for benefits for the period August, 2006 through August, 2007.

29. Mr. Ross has exhausted administrative remedies available under the Plan.

**COUNT I – LONG TERM DISABILITY BENEFITS FOR THE PERIOD APRIL 29, 2006 THROUGH APRIL 29, 2007**

30. Plaintiff incorporates and realleges paragraphs 1 through 29 as if set forth fully herein.

31. The medical evidence in the claim file shows that Mr. Ross was participating in an Extended Treatment Plan from April 29, 2006 through August, 2006.

32. Liberty Life's decision to terminate Mr. Ross' LTD claim because it determined he was not participating in an Extended Treatment Plan between April 29, 2006 and August, 2006 was incorrect, unreasonable, arbitrary, capricious, and in violation of the terms of the Plan.

33. Under the terms of the Plan, Mr. Ross is entitled to an additional year of LTD benefits.

34. Liberty Life's denial letters do not give Mr. Ross adequate notice of why his claim was terminated as required under ERISA and Department of Labor regulations. 29 U.S.C.A. §1133, 29 C.F.R. §2560.503-1(g).

35. Because Liberty Life administers claims and funds benefits under the Plan, it operated under a structural conflict of interest when it terminated Mr. Ross' claim.

36. Pursuant to 29 U.S.C. 1132(a)(1)(b), Mr. Ross is entitled the total amount of disability benefits due to him.

**COUNT II – LONG TERM DISABILITY BENEFITS FOR THE PERIOD AUGUST, 2006 THROUGH AUGUST, 2007**

37. Plaintiff incorporates and realleges paragraphs 1 through 36 as if set forth fully herein.

38. Should the Court find that Mr. Ross was not participating in an Extended Treatment Plan for the period April 29, 2006 through August, 2006, in the alternative, he was participating in an Extended Treatment Plan from August, 2006 through August, 2007.

39. On or about February 4, 2008, Mr. Ross submitted a claim for benefits for the period August, 2006 through August, 2007.

40. The medical evidence Mr. Ross submitted to Liberty Life with his claim on or about February 4, 2008 shows that he was participating in an Extended Treatment Plan from August, 2006 through August, 2007.

40. Under the terms of the Plan, Mr. Ross is entitled to an additional year of LTD benefits.

42. Liberty Life did not decide Mr. Ross' additional claim for benefits within 45 days pursuant to 29 C.F.R. § 2560.503-1(f)(3).

43. Pursuant to 29 C.F.R. § 2560.503-1(l), Mr. Ross' claim for LTD benefits for the period August, 2006 through August, 2007 is deemed denied and he is deemed to have exhausted administrative remedies available under the Plan.

44. Liberty Life's decision to deny LTD benefits to Mr. Ross was unreasonable, incorrect, arbitrary, capricious, and in violation of the terms of the Plan.

45. Pursuant to 29 U.S.C. 1132(a)(1)(b), plaintiff is entitled to the total amount of disability benefits due to him.

WHEREFORE, plaintiff James Ross requests judgment against defendants awarding him:

1. Long term disability benefits under the Plan;
2. Reasonable attorneys' fees, costs, and expenses; and
3. Such further relief as the Court deems proper.

Catherine A. Shaghalian, No. 6883
Timothy M. Bliss, No. 6228
VETTER & WHITE
Attorneys for Plaintiff
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
cshaghalian@vetterandwhite.com
tbliss@vetterandwhite.com

Dated: June 17, 2008