UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JAMES ROSS,<br><br>Plaintiff,<br><br>vs.<br><br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,<br><br>and<br><br>SOVEREIGN BANCORP INC. LONG TERM DISABILITY PLAN<br><br>Defendants. | C. A. NO. 08-239ML |

**ANSWER OF LIBERTY LIFE ASSURANCE COMPANY OF BOSTON TO PLAINTIFF'S COMPLAINT**

Defendant, Liberty Life Assurance Company of Boston ("Liberty Life")[1] for its Answer to the numbered paragraphs of Plaintiff's Complaint, states as follows:

## I. Parties

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2.

3. Admits the allegations in Paragraph 3.

[1] Defendant Sovereign Bancorp Inc. Long Term Disability Plan was dismissed by Stipulation filed with the Court on July 28, 2008 and entered by the Court on July 29, 2008.

## II. Jurisdiction

4. Paragraph 4 states legal conclusions to which no response is required.

5. Paragraph 5 states legal conclusions to which no response is required.

## III. Factual Background

### A. The Plan

6. Liberty Life admits that it issued a group long term disability policy of insurance, policy no. GF3-830-497634-01, but denies the remaining allegations in paragraph 6. Further responding, Liberty Life states that to the extent paragraph 6 refers to a policy or document, that document speaks for itself.

7. Liberty Life states that the first sentence of paragraph 7 states legal conclusions to which no response is required. Further responding, Liberty Life denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 regarding Plaintiff's status under the Plan. Liberty Life states further that the language of the Plan and policy speak for themselves.

8. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 8 regarding the "Plan." Further responding, Liberty Life admits that the Policy contains the language quoted, and further that the language of the policy speaks for itself. Liberty Life denies any mischaracterization that Plaintiff makes of the Plan and/or Policy documents.

9. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 9 regarding the "Plan." Further responding, Liberty Life denies the allegations in paragraph 9 which characterize the Mental Illness and/or Non-Verifiable Symptoms restriction in

the Policy. Liberty Life states further that the language of the Plan and Policy document speaks for itself.

10. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 8 regarding the "Plan." Further responding, Liberty Life denies the allegations in paragraph 10 and further responds that the language of the Policy and Plan document speaks for itself. Liberty Life denies any mischaracterization that Plaintiff makes of those documents.

11. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 8 regarding the "Plan." Further responding Liberty Life admits that the Policy contains the quoted definition in paragraph 11

**B. <u>Mr. Ross' Claims</u>**

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 regarding Plaintiff's employment with Sovereign Bank or his entitlements as an employee. Further responding, Liberty Life states that Plaintiff's status relative to the Plan is established by the Plan documents and the contents of the administrative claim file, each page of which speaks for itself.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13. Further responding, Liberty Life refers the Court to the administrative claim records and states that the medical records for Plaintiff and the administrative claim file of which they are a part speak for themselves.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15, except admits that it received an application for Short Term Disability (STD) benefits.

16. Admits that Liberty Life sent a letter dated November 24, 2003 in which Plaintiff's claim for STD benefits was approved. Further responding, Liberty Life states that the language of the letter speaks for itself.

17. Denies the allegations in paragraph 17, except admits that Liberty Life sent a letter dated March 26, 2004 in which it indicated that Plaintiff qualified for Long Term Disability Benefits under Sovereign Bancorp, Inc.'s Group Disability Income policy. Further responding, Liberty Life states that the language of the letter speaks for itself.

18. Admits the allegations in paragraph 18. Further responding, Liberty Life states that records reflecting payment of LTD benefits made to Plaintiff are contained in the administrative claim file and speak for themselves. Liberty Life denies any mischaracterization that Plaintiff makes of those records.

19. Denies the allegations in paragraph 19 concerning alleged representations about the Plan, except admits that it sent Plaintiff a letter dated April 17, 2006 concerning the termination of his LTD benefits under the Policy and states further that the language of the letter speaks for itself. Further responding, Liberty Life states that the bases for its decisions are set forth in documents contained in the administrative claim file and that the language of each document speaks for itself.

20. Denies the allegations in paragraph 20, except admits that it received a letter dated April 26, 2006 from Jennifer Jaff of Advocacy For Patients With Chronic Disabilities, Inc. in

which certain information regarding Plaintiff's claim and the denial decision is contained. Further responding, Liberty Life states that the language of that letter speaks for itself.

21. Denies the allegations in paragraph 21, except admits that it sent a letter dated May 4, 2006 to Jennifer Jaff of Advocacy For Patients With Chronic Disabilities, Inc., which included a copy of the administrative claim record and a copy of the Policy. Further responding, Liberty Life states that the language of the May 4, 2006 letter and the language of documents contained in the administrative claim record speak for themselves.

22. Denies the allegations in paragraph 22, except admits that it received a letter from Jennifer Jaff of Advocacy For Patients With Chronic Disabilities, Inc. dated "August 2006." Further responding, Liberty Life states that the language of the "August 2006" letter speaks for itself.

23. Admits that it sent a letter dated November 7, 2006 to Jennifer Jaff of Advocacy For Patients With Chronic Disabilities, Inc. in which the original denial decision was upheld. Further responding, Liberty Life states that the language of the letter speaks for itself and that the bases for its decisions are set forth in documents contained in the administrative claim file and that the language of each document speaks for itself.

24. Denies the allegations in paragraph 24 and further denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 relating to the Plan.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25.

26. Denies the allegations in paragraph 26, except admits that it received a letter dated February 4, 2008 from Plaintiff's counsel in which reconsideration of the denial decision was requested. Further responding, Liberty Life states that the language of the letter speaks for itself.

27. Denies the allegations in paragraph 27, except admits that medical records were submitted by Plaintiff. Further responding, Liberty Life states that the language of each record contained in the administrative claim file speaks for itself.

28. Admits that it sent a letter dated May 13, 2008 to Plaintiff's counsel and further responding states that the language of that letter speaks for itself. Further responding, Liberty Life states that the bases for its decisions are set forth in documents contained in the administrative claim file and that the language of each document speaks for itself.

29. The allegations in paragraph 29 state legal conclusions to which no response is required. To the extent a response is required, Liberty Life denies the allegations in paragraph 29.

**COUNT I – LONG TERM DISABILITY BENEFITS FOR THE PERIOD APRIL 29, 2006 THROUGH APRIL 29, 2007**

30. Liberty Life restates and realleges its responses to paragraphs 1-29 and incorporates them herein by reference.

31. Denies the allegations in paragraph 31. Further responding, Liberty Life states that the medical records contained in the administrative claim file speak for themselves.

32. Denies the allegations in paragraph 32. Further responding, Liberty Life states that the bases for its decisions are set forth in documents contained in the administrative claim file and that the language of each document speaks for itself.

33. Denies the allegations in paragraph 33.

34. Denies the allegations in paragraph 34.

35. Denies the allegations in paragraph 35.

36. Denies the allegations in paragraph 36.

**COUNT I – LONG TERM DISABILITY BENEFITS FOR THE PERIOD APRIL 29, 2006 THROUGH APRIL 29, 2007**

37. Liberty Life restates and realleges its responses to paragraphs 1-36 and incorporates them herein by reference.

38. Denies the allegations in paragraph 38.

39. Denies the allegations in paragraph 39, and states further that the language of each document contained in the administrative claim file speaks for itself.

40. Denies the allegations in paragraph 40. Further responding, Liberty Life states that the bases for its decisions are set forth in documents contained in the administrative claim file and that the language of each document speaks for itself.

40. (sic) Denies the allegations in second paragraph 40.

42. Denies the allegations in paragraph 42.

43. Denies the allegations in paragraph 43.

44. Denies the allegations in paragraph 44.

45. Denies the allegations in paragraph 45.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

To the extent that Plaintiff has sustained any injury or damage, it is the result of the conduct by a party other than Liberty Life and over whom Liberty Life had no authority or control and for whom Liberty Life is not liable.

**THIRD AFFIRMATIVE DEFENSE**

Based on the circumstances and administrative record in this case, Liberty Life requests that the Court order Plaintiff to pay its attorneys' fees and costs under 29 U.S.C. § 1132(g).

**FOURTH AFFIRMATIVE DEFENSE**

The denial of benefits at issue was reasonable, was not arbitrary and capricious, and should be upheld by this Court based upon the administrative record before the decision maker under the policy.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to attorneys' fees on the claims he has alleged.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff has no legal right to the compensatory relief sought in the Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint is barred by the doctrines of waiver, estoppel, laches, and/or unclean hands.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's right to relief is barred because at all relevant times Liberty Life acted in good faith and with the diligence, care and skill which a reasonably prudent person would exercise under similar circumstances and Liberty Life did not induce, commit, or otherwise participate in any allegedly wrongful act or omission.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's lawsuit is barred by the Policy's contractual limitation period for the filing of legal actions regarding claim determinations.

**TENTH AFFIRMATIVE DEFENSE**

Liberty Life reserves its right to add such additional affirmative defenses as become evident as the case progresses.

WHEREFORE, Liberty Life prays that:

1. The Complaint be dismissed in its entirety;

2. Judgment be awarded in favor of Liberty Life;

3. The Court award Liberty Life its attorneys' fees and costs; and

4. The Court award such other and further relief as may deem just and proper.

Respectfully submitted,

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON
By its attorneys,

/s/ Guy P. Tully
Guy P. Tully, (BBO# 555625)
Jackson Lewis LLP
75 Park Plaza
Boston, MA 02116
Telephone: (617) 367-0025
Fax: (617) 367-2155
tullyg@jacksonlewis.com

/s/ Keturah Martin
Keturah Martin (R.I. Bar No. 7517)
JACKSON LEWIS LLP
75 Park Plaza
Boston, MA 02116
Telephone: (617) 367-0025
Fax: (617) 367-2155
martink@jacksonlewis.com

August 8, 2008

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 8th day of August 2008, a true and correct copy of the foregoing document has been served on Plaintiff's counsel, Timothy Bliss, Esq., by filing a copy through the Court's ECF system, which copy is available for viewing and downloading.

/s/ Guy P. Tully