UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JAMES ROSS,<br><br>Plaintiff,<br><br>vs.<br><br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,<br><br>and<br><br>SOVEREIGN BANCORP INC. LONG TERM DISABILITY PLAN<br><br>Defendants. | C. A. NO. 08-239ML |

**DEFENDANT'S POSITION ON LIABILITY**

In accordance with the Court's Notice of Scheduling Conference and in anticipation of the September 17, 2008 Scheduling Conference, Defendant Liberty Life Assurance Company of Boston submits its position on liability, as set forth below.

**Liberty Life's Decision to Deny Plaintiff's Receipt of Long-Term Disability Benefits Was Not "Arbitrary and Capricious"**

In this case, the applicable standard of review of the court is the arbitrary and capricious standard of review. In Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101 (1989), the United States Supreme Court held that "[c]onsistent with established principles of trust law, we hold that a denial of benefits under [29 U.S.C.] § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or construe the terms of the plan." Firestone, 489 U.S. at 115.

Indeed, the Supreme Court reaffirmed this deferential standard of review most recently in

Metropolitan Life Ins. Co. v. Glenn, 128 S. Ct. 2343 (2008), in which it stated:

> We do not believe that Firestone's statement implies a change in the standard of review, say, from deferential to de novo review. Trust law continues to apply a deferential standard of review to the discretionary decision-making of a conflicted trustee, while at the same time requiring the reviewing judge to take account of the conflict when determining whether the trustee, substantively or procedurally, has abused his discretion. We see no reason to forsake Firestone's reliance upon trust law in this respect.

Glenn, 128 S. Ct. at 2350.

In this case, The Plan document expressly granted Liberty Life discretion to interpret the applicable policy and make decisions regarding the construction of the terms of the policy sufficient to trigger the arbitrary and capricious standard. The Plan expressly states, at Section 7:

> "Liberty shall possess the authority, in its sole discretion, to construe the terms of this policy and to determine benefit eligibility hereunder. Liberty's decisions regarding construction of the terms of this policy and benefit eligibility shall be conclusive and binding."

Such language provides a clear grant of discretionary authority to Liberty Life by allocating to it the right to make factual findings, to determine eligibility for benefits, and/or to interpret the terms of the Plan.

The arbitrary and capricious standard requires this Court to determine only whether an administrator's decision is plausible in light of the record as a whole, or, put another way, whether the decision is within the administrator's authority, reasoned and supported by substantial evidence on the record, that is, evidence reasonably sufficient to support a conclusion. See Pari-Fasano v. ITT Hartford Life & Accid. Ins. Co., 230 F.3d 415, 419 (1st Cir. 2000); Sullivan v. Raytheon Corporation, 262 F.3d 41, 50 (1st Cir. 2001). Because this standard emphasizes reasonableness, the standard recognizes "that in order to find that an insurer had abused its discretion under the contract, [a court] would have to conclude that the insurer's

eligibility determination was unreasonable in light of the information available to it." Pari-Fasano, 230 F.3d at 419.

Here, the Administrative Record in this case contains ample support for the decision to deny Plaintiff's claim for long-term disability benefits. Thus, Liberty Life's determination is supported by ample evidence on the record and is based upon that evidence.

Respectfully submitted,

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON
By its attorneys,

/s/ Guy P. Tully
Guy P. Tully, (BBO# 555625)
Jackson Lewis LLP
75 Park Plaza
Boston, MA 02116
Telephone: (617) 367-0025
Fax: (617) 367-2155
tullyg@jacksonlewis.com

/s/ Keturah Martin
Keturah Martin (R.I. Bar No. 7517)
JACKSON LEWIS LLP
75 Park Plaza
Boston, MA 02116
Telephone: (617) 367-0025
Fax: (617) 367-2155
martink@jacksonlewis.com

September 10, 2008

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 10th day of September, 2008, a true and correct copy of the foregoing document has been served on Plaintiff's counsel, Timothy Bliss, Esq., by filing a copy through the Court's ECF system, which copy is available for viewing and downloading.

/s/ Guy P. Tully